COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
DARCIE A. TILLY (239715)
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant WALMART INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARLOS VALESQUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. **'18CV1004 L    BLM**<br><br>(Removed from the San Diego Superior Court, Case No. 37-2018-00019280-CU-MC-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>(28 U.S.C. §§ 1332, 1441 & 1453) |

**TO PLAINTIFF, HIS ATTORNEYS, AND THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that defendant Walmart Inc. ("Walmart"), removes the above-captioned action from the Superior Court of the State of California for the County of San Diego, where the action is now pending, to the United States District Court for the Southern District of California. This civil action is removed on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction under the Class

Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.2

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On or about April 18, 2018, plaintiff Joseph Carlos Valesquez ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of San Diego, entitled *Joseph Carlos Valesquez et al. v. Walmart Inc. et al.*, Case No. 37-2018-00019280-CU-MC-CTL, by filing a complaint. Plaintiff named as defendant Walmart Inc.

2. The complaint, which is styled as a class action, alleges one cause of action for an alleged violation of California Civil Code § 1747.08. (Compl. ¶¶ 1, 34-43.) Plaintiff's complaint arises from a purported credit card purchase transaction at a Walmart store in Hemet, California. (*Id.* ¶¶ 12, 19.)

3. A true and correct copy of the complaint is attached as Exhibit A. A true and correct copy of the proof of service of the summons and complaint obtained off of the website for the Superior Court of the State of California for the County of San Diego is attached as Exhibit B.

4. Walmart is aware that on April 19, 2018, the court set a case management conference for January 11, 2019. A true and correct copy of the Register of Actions obtained off of the website for the Superior Court of the State of California for the County of San Diego is attached as Exhibit C.

5. Walmart is also aware that on April 18, 2019, the case was assigned to Department C-70 before Judge Randa Trapp.

6. Walmart is not aware of any other process or pleading in that action.

7. This Notice of Removal is timely because it is filed within thirty days of when Plaintiff served Walmart with the initial complaint and summons. *See* 28 U.S.C. § 1446(b).

8. Walmart will give Plaintiff written notice as required under 28 U.S.C. § 1446(d) by serving Plaintiff, through his counsel of record, with this Notice of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Removal and all documents filed in support thereof and concurrently herewith on the date of filing of this Notice of Removal.

## SUBJECT MATTER JURISDICTION

9. Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (d)(5). If a state court putative class action meets all three requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). This action meets each of CAFA's requirements.

### THE PROPOSED CLASS DOES NOT HAVE LESS THAN 100 MEMBERS

10. Plaintiff alleges that Walmart violated California Civil Code § 1747.08 by utilizing video cameras that record "an up-close image of the customer's personal identification information, *to wit*, his personal likeness including his eye color, hair color, and facial features" during credit card transactions at self-check-out kiosks in Walmart's California stores. (Compl. ¶¶ 34-43.)

11. Plaintiff's claim for alleged violations of California Civil Code § 1747.08 carries a one-year statute of limitations under California Code of Civil Procedure § 340. *TJX Cos., v. Superior Court*, 163 Cal. App. 4th 80, 84-87 (2008).

12. Plaintiff seeks to certify a class defined as: "All California consumers who engaged in a credit card transaction with Defendant Walmart, for which Defendant utilized a video camera at its self-check-out kiosks to record an up-close image of the customer's personal identification information, *to wit*, their facial features, from April 18 through the date of trial." (Compl. ¶ 24.)

13. Plaintiff contends Walmart violated California Civil Code § 1747.08 by maintaining a policy and practice whereby a video camera allegedly recorded *each and every* person that used a credit card to purchase items at a self-check-out kiosk from Walmart's California retail stores. (*Id.* ¶ 42 ("[I]t was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to *every* person who, while using a credit card, made a purchase at a self-check-out kiosk at any of Defendant's retail locations in the State of California.") [italics added].)

14. Plaintiff alleges that the members of the class "are so numerous that joinder of all members is impracticable." (*Id.* ¶ 26.)

15. Without conceding *inter alia,* liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, the truth of Plaintiff's allegations, or the validity of Plaintiff's claim for relief, Walmart's records show that since April 18, 2017 (the date one year preceding the filing of the complaint in this case), there have been far in excess of 5,001 credit card sales transactions at self-check-out registers equipped with video cameras at Walmart stores in California, which reasonably implies at least 100 separate credit card users. (Declaration of Kara Kazazean ("Kazazean Decl."), ¶ 6); *see also Morey v. Louis Vuitton N.A., Inc.*, 461 Fed. App'x 642, 643 (9th Cir. 2011) ("Louis Vuitton processed 'substantially in excess of 5,000 credit card transactions' during the class period, a number that reasonably implies at least 100 separate credit card users.").

16. Accordingly, CAFA's first requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

17. Plaintiff's complaint does not plead a specific amount of damages. As such, removal is proper if Walmart establishes by a preponderance of evidence that Plaintiff demands in excess of $5 million in damages in the aggregate for themselves and the putative class. "If the plaintiff's complaint, filed in state court, demands

monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing § 1446(c)(2)(A)).

18. Plaintiff's complaint does not plead a specific amount of the monetary relief sought. In such cases, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

19. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008).

20. Walmart's burden of proof on removal "is not daunting, as courts recognize that … a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (emphasis in original; internal quotation marks removed). Indeed, "[w]here a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Id.* at 1205.

21. Plaintiff's claim for relief for alleged violations of California Civil Code § 1747.08 carries a maximum statutory penalty of $250 for the first violation and $1,000 per violation thereafter. Cal. Civ. Code § 1747.08(e). Plaintiff alleges entitlement to civil penalties "of up to one thousand dollars ($1,000) per violation,"

the statutory maximum, for themselves and each class member. (Compl. ¶¶ 24, 32; *see also* Prayer for Relief ¶ B.)

22. In actions where a plaintiff alleges violations of California Civil Code § 1747.08, numerous courts have held that where plaintiff pleads damages up to the statutory maximum under California Civil Code § 1747.08, defendant may meet CAFA's amount in controversy requirement by showing that there are at least 5,001 putative class claims. *See Morey*, 461 Fed. App'x at 643; *Korn*, 536 F. Supp. 2d at 1206; *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007); *Romeo v. The Home Depot*, No. 06CV1505 IEG (BLM), 2006 WL 6814428, at *2 (S.D. Cal. Oct. 30, 2006).

23. As stated above, Plaintiff contends Walmart violated California Civil Code § 1747.08 by allegedly recording *each and every* person that used a credit card to purchase items at a self-check-out kiosk in Walmart's California stores. (*Id.* ¶ 42 ("[I]t was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to *every* person who, while using a credit card, made a purchase at a self-check-out kiosk at any of Defendant's retail locations in the State of California.") [italics added].).

24. Without conceding *inter alia,* liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, the truth of Plaintiff's allegations, or the validity of Plaintiff's claim for relief, since April 18, 2017 (the date one year preceding the filing of the complaint in this case), there have been far in excess of 5,001 credit card purchase transactions at self-check-out kiosks in Walmart stores in California. (Kazazean Decl. ¶ 6.) Thus, the amount alleged by Plaintiff to be "in controversy" in this action exceeds CAFA's $5 million requirement. *See Morey*, 461 Fed. App'x at 643; *Korn*, 536 F. Supp. 2d at 1206; *Saulic*, 2007 WL 5074883, at *8; *Romeo*, 2006 WL 6814428, at *2.

NOTICE OF REMOVAL OF ACTION

### THE PARTIES ARE CITIZENS OF DIFFERENT STATES

25. CAFA requires only minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

26. Under CAFA, a corporation is deemed to be a citizen of all states in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (noting that for purposes of CAFA, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)). The term "principal place of business" refers to the place where an entity's officers direct, control, and coordinate activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Davis*, 557 F.3d at 1028.

27. Walmart is a corporation organized under Delaware law with its principal place of business in Arkansas. (Kazazean Decl. ¶¶ 2-3.) Walmart's headquarters and executive offices are located at 702 SW 8th Street, M.S. 0705, Bentonville, Arkansas. (*Id.* ¶ 3.) Walmart's executive officers and senior management team and most of its officers direct, control, and coordinate activities out of the Arkansas headquarters and executive offices. (*Id.*) Walmart's policies and procedures are primarily set by its officers at the Arkansas offices, and most of its records are maintained at its Arkansas offices. (*Id.*) Accordingly, for purposes of diversity, Walmart is a citizen of Delaware and Arkansas.

28. The citizenship of unnamed "Doe" defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(b).

29. Plaintiff alleges he is a California resident. (Compl. ¶ 12.) "For diversity purposes, a person is a citizen of a state in which he or she is domiciled." *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). The "place of residence is *prima facie* the domicile." *Id.*

(citation omitted). Accordingly, Plaintiff and nearly all purported putative class members are citizens of California and not citizens of Arkansas or Delaware. Minimum diversity is satisfied under 28 U.S.C. § 1332(d)(2)(A).

### VENUE IS PROPER

30. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district—namely, the Superior Court of the State of California for the County of San Diego.

### NOTICE TO THE SUPERIOR COURT OF SAN DIEGO COUNTY

31. Contemporaneously with the filing of this Notice of Removal, Walmart is filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith with the clerk of the Superior Court of the State of California for the County of San Diego, under 28 U.S.C. § 1446(d).

Dated: May 18, 2018                COOLEY LLP

By: /s/Michelle C. Doolin
    Michelle C. Doolin (179445)
Attorneys for Defendant WALMART INC.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Carlos Valesquez

**DEFENDANTS**
Walmart Inc.

**(b)** County of Residence of First Listed Plaintiff: Riverside, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carlson Lynch Sweet Kilpela & Carpenter, LLP
Todd D. Carpenter; Brittany C. Casola
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: 619.762.1900

Attorneys *(If Known)*
Cooley LLP
Michelle C. Doolin
4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858.550.6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, & 1453
Brief description of cause:
Alleged violation of California Civil Code § 1747.08

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ ____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ____    DOCKET NUMBER ____

DATE: 05/18/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michelle C. Doolin

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.