# Exhibit A

Case 3:18-cv-01004-L-BLM   Document 1-2   Filed 05/18/18   PageID.13   Page 1 of 14

```
CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
Brittany C. Casola (CA 306561)
bcasola@carlsonlynch.com
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: 619.762.1900
Fax: 619.756.6991

KALIEL PLLC
Jeffrey D. Kaliel, Esq. (CA 238293)
jkaliel@kalielpllc.com
Sophia Gold (To be admitted pro hac vice)
sgold@kalielpllc.com
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Telephone: 202.350.4783

Attorneys for Plaintiff
```

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**04/18/2018** at 11:20:39 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSEPH CARLOS VALESQUEZ, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., a Delaware corporation, and DOES 1 through 20, inclusive, <br><br> Defendant. | Case No: 37-2018-00019280-CU-MC-CTL <br><br> **CLASS ACTION** <br><br> **[E-FILE]** <br><br> **COMPLAINT FOR VIOLATIONS OF THE SONG-BEVERLY CREDIT CARD ACT (Cal. Civ. Code §1747.08)** |

Plaintiff Joseph Carlos Valesquez, ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges upon information and belief, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

1

PLAINTIFF'S CLASS ACTION COMPLAINT

## NATURE OF THE CASE

1. Plaintiff brings this cause of action against Defendant Walmart, Inc. ("Defendant" or "Walmart") for its failure to comply with the Song-Beverly Credit Card Act, Civil Code section 1747.08, *et seq.*, ("Song-Beverly"), in that it utilizes a video camera at its self-check-out kiosks that records an up-close image of the customer's personal identification information, *to wit*, his personal likeness including his eye color, hair color, and facial features, throughout the entire duration of the customer's credit card transaction. By employing this video recording practice in conjunction with credit card transactions, Defendant intentionally violates section 1747.08(a)(2) of Song-Beverly.

2. The California legislature enacted this statute in response to the recognized dangers associated with permitting retailers to collect and maintain consumers' personal identification information, finding that the practice put the physical safety of consumers at risk and jeopardized consumers' financial security and credit rating, due to identity theft and fraud.

3. The California Court of Appeals has recognized that Song-Beverly was enacted as a "response to two principle privacy concerns." (*Florez v. Linens 'N Things*, (2003) 108 Cal.App.4th 447, 452-53.) One concern was that "with the increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it." (*Ibid.*) The second concern motivating the Legislature was that "acts of harassment and violence were being committed by store clerks who obtained customers' phone numbers and addresses." (*Ibid.*)

4. Thus, Song-Beverly prohibits a retail from "[r]equest[ing], or requir[ing] as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise. (Civ. Code § 1747.08(a)(2).)

5. "Personal Identification Information" is defined as "information concerning the cardholder, other than information set forth on the credit card, and including, *but not limited to*, the

cardholder's address or telephone number. (Civ. Code, §1747.08(b) (emphasis added).) Plaintiff's personal likeness and facial features constitute "personal identification information" under the statute.

6. Defendant operates over 300 locations in the State of California, including the Walmart store at which Plaintiff completed his credit card transaction, located at 1231 S. Sanderson Ave., Hemet, California 92545.

7. Defendant routinely utilizes a video camera recording device at its self-check-out kiosks that records an up-close image of the customer's personal identification information, *to wit*, his personal likeness including his eye color, hair color, and facial features, throughout the entire duration of the customer's credit card transaction. This camera is utilized to capture information about the cardholder; separate and apart from traditional security cameras that are present throughout the store. Simply stated, the cameras utilized at the self-check-out kiosks are not used exclusively for security purposes, but instead provide Defendant with valuable biometric data concerning Plaintiff and members of the class and/or retain the ability to do so.

8. Thus, Defendant systematically and uniformly violates Song-Beverly at each of its California locations by utilizing this video camera recording device at its self-check-out kiosks to record the customer's personal identification information in conjunction with a credit card transaction.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure §410.10 and the California Constitution, Article VI §10, because this case is a cause not given by statute to other trial courts.

10. Venue is proper in the Superior Court for the County of San Diego, State of California, because Defendant has accepted credit cards for the transaction of business throughout California, including the County of San Diego, which has caused both obligations of liability of Defendant to arise in the County of San Diego.

11. The amount in controversy exceeds the jurisdictional minimum of this Court.

///

///

3

PLAINTIFF'S CLASS ACTION COMPLAINT

## PARTIES

### Plaintiff

12. Plaintiff Joseph Carlos Valesquez is a resident of Riverside County in the State of California. On or about March 21, 2018, Plaintiff made a purchase with a Capital One payment card at a self-check-out kiosk at a Walmart retail store located in Hemet, California. Throughout the entire duration of Plaintiff's purchase transaction, Plaintiff was recorded by a video camera affixed to the cash register at the self-check-out kiosk. Defendant's video recording captured a high-quality image of Plaintiff's face and upper body, recording distinguishing features of his personal likeness, such as his eye color, hair color, and facial features to a granular, accurately-detailed degree. Defendant's recording of Plaintiff at the point-of-sale impermissibly captures Plaintiff's personal identification information in conjunction with a credit card transaction and is in direct violation of Civil Code section 1747.08(a)(2).

13. Plaintiff brings this class action against Defendant, pursuant to California Code of Civil Procedure Section 382, on behalf of himself and all others similarly situated California customers who engaged in a credit card transaction with Defendant Walmart, for which Defendant utilized a video camera at its self-check-out kiosks to record an up-close image of the customer's personal identification information, *to wit,* facial features, from April 18, 2017 through the date of trial (the "Class"). Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities. Also excluded from the Class is Plaintiff's counsel, the assigned Judge, and the Judge's family.

### Defendant

14. Plaintiff is informed and believes and based thereon alleges that Defendant Walmart, Inc. is a Delaware Corporation, with its principal place of business located at 702 SW 8th Street, Bentonville, AR 72716. Defendant operates discount stores, retail supercenters, and grocery supermarkets throughout the world.

15. At all times hereinafter mentioned, Defendant owns, operates, and maintains over 5,300 locations nationwide, including over 300 locations within the State of California.

16. The true names and capacities, whether individual corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under Code of Civil Procedure section 474.

17. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

18. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each defendant sued herein, was the agent, servant, employer, joint-venturer, partner, subsidiary, parent, division, alias, and/or alter ego of each of the remaining defendants and were, at all times, acting within the purpose and scope of such agency, servitude, employment, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each remaining defendant sued herein.

## FACTUAL ALLEGATIONS

19. On or about March 21, 2018, Plaintiff made a credit card purchase at a Walmart retail store located at 1231 S. Sanderson Ave., Hemet, California 92545.

20. Plaintiff walked into a Walmart retail store to purchase various items for himself and selected a self-check-out kiosk to pay for his items. At the self-check-out kiosk, there was a video camera affixed to the cash register. The video camera is intended to and does record only the face and upper body of the customer engaged in the purchase transaction.

21. Plaintiff rang up each item and elected to make his purchase with his Capital One credit card. During the entirety of the credit card transaction, the video camera recorded an up-close, picturesque image of Plaintiff's personal likeness, including his eye color, hair color, and facial features, at such a detailed degree that he could be easily recognized from the videotaped image at the point of sale. The video recording is different from standard security camera footage in that it records personal identification information on a granular level in accurate detail. Plaintiff had no means to avoid

his image being recorded, as Walmart requires that each customer be recorded on this video when they utilize the self-check-out kiosk.

### Walmart Subjects its Customers to the Very Danger the Legislature Sought to Avoid in Enacting Song-Beverly

22. Defendant's video recording at its self-check-out kiosks captures customers' personal identification information, *to wit,* their eye color, hair color, and facial features, in conjunction with a credit card transaction. In so doing, Defendant puts its customers at risk of the very dangers the Legislature sought to avoid.

23. Defendant's video recording subjects consumers, including Plaintiff, to the potential threat of onerous harassment, including but not limited to, identity theft, marketing campaigns, and unwelcome, distasteful, or otherwise threatening communications.

### CLASS ALLEGATIONS

24. This lawsuit is brought on behalf of Plaintiff and an ascertainable class to recover the maximum statutory penalty permitted by Civil Code section 1747.08(e) for Defendant's repeated violations of Song-Beverly as alleged herein. Plaintiff seeks certification of a Class pursuant to Code of Civil Procedure section 382, which Class is defined as follows:

> All California consumers who engaged in a credit card transaction with Defendant Walmart, for which Defendant utilized a video camera at its self-check-out kiosks to record an up-close image of the customer's personal identification information, *to wit,* their facial features, from April 18, 2017 through the date of trial (the "Class").

25. Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities. Also excluded from the Class is Plaintiff's counsel, the assigned Judge, and the Judge's family.

26. The members of this Class are so numerous that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records obtained from Defendant and its agents.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the likelihood of individual Class members prosecuting separate claims is

6
PLAINTIFF'S CLASS ACTION COMPLAINT

remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions.

28. The disposition of Plaintiff's and Class Members' claims through the class action device will provide substantial judicial economy and benefits both the parties and the Court. Further, the statutory damages for which the individual class members are entitled are relatively small and the burden and expense of individual litigation makes it substantially difficult and unlikely that Class Members will individually seek redress of Defendant's wrongs. Without the class action procedural device, Defendant's unlawful conduct will continue unabated.

29. This action will promote an orderly and expeditious adjudication of the Class claims, and will promote and foster the uniformity of decision.

30. The Class is ascertainable and there is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

31. The common questions of law and fact, which arise from Defendant's uniform pattern and practice of prohibited conduct, predominate over any individual issues affecting the members of the Class. Thus, among the questions of law and fact common to the Class are as follows:

    a. Whether each Class member engaged in a credit card transaction with Defendant;

    b. Whether Defendant had or has a corporate policy and/or procedure to utilize a video camera at its self-check-out kiosks to record an up-close image of the customer's personal identification information;

    c. Whether Defendant's use of the video camera recording in conjunction with a credit card transaction violates the Song-Beverly Credit Card Act, section 1747.08(a)(2); and

    d. Whether Plaintiff and the Class are entitled to an award of civil penalties and the proper amount of civil penalties to be paid to the Class pursuant to Civil Code section 1747.08(e);

32. Plaintiff's claims are typical of those of the other Class Members because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000.00) per violation pursuant to Civil Code section 1747.08(e).

33. Plaintiff can fairly and adequately represent the interests of the Class, he has no conflict of interest with other Class members, and has retained competent counsel experience in complex class action litigation.

## CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.08(a)(2), THE SONG-BEVERLY CREDIT CARD ACT

34. Plaintiff re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

35. California Civil Code section 1747.08(a)(2) prohibits any corporation, which accepts credit cards for the transaction of business, from "[r]equest[ing], or requir[ing] as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise. (Civ. Code § 1747.08(a)(2).)

36. Section 1747.08(b) defines "personal identification information" as "information concerning the cardholder, other than information set forth on the credit card, and including, *but not limited to*, the cardholder's address and telephone number." (Civ. Code § 1747.08(b) (emphasis added).)

37. Plaintiff's personal likeness, namely, his eye color, hair color, and facial features constitutes "personal identification information" because it is identifying information concerning the cardholder that is otherwise not information set forth on the credit card. For instance, a person's eye color and hair color are identifying features set forth on government issued identifications, such as driver's licenses and passports.

38. Plaintiff and Class Members are "cardholders" who entered into credit card transactions at Defendant's retail stores, as defined by Civil Code section 1747.02(d).

39. Defendant is a corporation that routinely accepts credit cards for the transaction of business.

40. Defendant routinely utilizes a video camera recording device at its self-check-out kiosks that records an up-close image of the customer's personal identification information, *to wit*, his personal likeness including his eye color, hair color, and facial features, throughout the entire duration of the customer's credit card transaction.

41. Upon information and belief, Defendant collected Class Members' personal identification information to advance its own prospective business purposes, including but not limited to targeted marketing campaigns. Defendant did not collect this personal identification information for any purpose listed in Civil Code section 1747.08(c).

42. During the class period it was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, made a purchase at a self-check-out kiosk at any of Defendant's retail locations in the State of California.

43. Based upon Defendant's violations as set forth herein, Plaintiff and Class members are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to Civil Code section 1747.08(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Certifying this action as a class action, appointing Joseph Carlos Valesquez as the Class Representative and Plaintiff's counsel, Todd Carpenter, as Class Counsel;

B. Awarding Plaintiff and the Class the civil penalty to which he or she is entitled under Civil Code section 1747.08(e);

C. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or cy pres recovery where necessary to prevent Defendant from retaining the benefit of its wrongful conduct;

D. For an award of attorneys' fees as authorized by statute, including but not limited to, the provisions of Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine;

E. For costs of the suit;

F. For prejudgment interest at the legal rate;

G. And for such other relief as the Court may deem proper.

Dated: April 18, 2018

CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP

*[signature: Todd D. Carpenter]*

Todd D. Carpenter (CA 234464)
1350 Columbia Street, Ste. 603
San Diego, California 92101
Telephone: 619.762.1900
Facsimile: 619.756.6990
tcarpenter@carlsonlynch.com

KALIEL PLLC
Jeffrey D. Kaliel, Esq. (CA Bar No. 238293)
jkaliel@kalielpllc.com
Sophia Gold (To be admitted *pro hac vice*)
sgold@kalielpllc.com
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Telephone: 202-350-4783

*Attorneys for Plaintiff*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br>Carlson Lynch Sweet Kilpela & Carpenter LLP <br>Todd D. Carpenter (CA 234464) <br>1350 Columbia St. Ste. 603 <br>San Diego, CA 92101 <br>TELEPHONE NO.: 619-762-1900   FAX NO.: 619-756-6991 <br>ATTORNEY FOR *(Name)*: Plaintiff Joseph Carlos Valesquez | FOR COURT USE ONLY <br><br>**ELECTRONICALLY FILED** <br>Superior Court of California, <br>County of San Diego <br><br>**04/18/2018** at 11:20:39 AM <br><br>Clerk of the Superior Court <br>By Valeria Contreras, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego <br>STREET ADDRESS: 330 West Broadway <br>MAILING ADDRESS: <br>CITY AND ZIP CODE: San Diego 92101 <br>BRANCH NAME: Central Division | |
| CASE NAME: <br>Joseph Carlos Valesquez v. Walmart, Inc. | |

| **CIVIL CASE COVER SHEET** <br>☑ Unlimited  ☐ Limited <br>(Amount  (Amount <br>demanded  demanded is <br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation** <br>☐ Counter  ☐ Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br>37-2018-00019280-CU-MC-CTL <br>JUDGE: Judge Randa Trapp <br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties  d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 1, California Civil Code section 1747.08(a)(2)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2018
Todd D. Carpenter
(TYPE OR PRINT NAME)                                  ▶ /s/ Todd D. Carpenter
                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC., a Delaware corporation, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH CARLOS VALESQUEZ, on behalf of himself and all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/18/2018** at 11:20:39 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central

330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2018-00019280-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd D. Carpenter, 1350 Columbia Street, St. 603, San Diego, CA 92101, (619) 762-1900

DATE: 04/19/2018
*(Fecha)*

Clerk, by *V. Contreras*, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*